# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# ALEXANDRIA DIVISION

| | |
|---|---|
| **LULIT MULUGETA** | **CIVIL ACTION** |
| Plaintiff, | |
| v. | **CASE NO.** |
| **SAMUEL TAFESSE ADEMACHEW,** | |
| Defendant. | **JURY TRIAL DEMANDED** |

## VERIFIED COMPLAINT

PLAINTIFF Lulit Mulugeta for her complaint states as follows:

## PARTIES

1. Plaintiff Lulit Mulugeta ("Plaintiff" or "Mulugeta") is a citizen of the United States and a resident of the State of Maryland.

2. Defendant Samuel Tafesse Ademachew ("Defendant" or "Ademachew") is a citizen of the United States with his residence located at 6434 Casperson Road, Alexandria, VA, 22315.

## JURISDICTION AND VENUE

3. Diversity jurisdiction lies pursuant to 28 U.S.C. § 1332 as this is a controversy between citizens of different States and the matter in controversy exceeds $75,000.

4. Venue is proper under 28 U.S.C. § 1391 because Ademachew resides in this judicial district and because a substantial part of the events or omissions giving rise to the claim occurred in this district.

5. Personal jurisdiction exists over Ademachew who is a United States citizen with a residence located in Virginia and who has availed himself of the benefits of this forum by transacting business in Virginia.

6. Indeed, on June 13, 2016, Ademachew was indicted in the Eastern District of Virginia. According to the stipulated statement of facts executed as part of a plea agreement, Ademachew facilitated hundreds of structured transactions designed to evade the reporting requirements imposed by 12 U.S.C. § 1956, using bank accounts controlled by him and/or by family members, including Sara Negash (his daughter). This Court sentenced Ademachew to six months of house arrest in the United States, though later modified the sentence to 250 hours of community service on behalf of the Ethiopian Community Development Council, located at 901 S. Highland Street, Arlington, VA, 22204. *See USA v. Ademachew*, Case No. 16-mj-00257-IDD-1.

## FACTUAL ALLEGATIONS

7. On or about June 27, 2015, Mulugeta and Ademachew entered into a written contract for the sale of real property which consisted of a school building known as the Salit Academy in Addis Ababa, Ethiopia (the "Contract"). The school building shall be referred to as the "Salit Building." A copy of the Contract along with a certified translation is attached hereto as **Exhibit A**.[1]

8. Under the terms of the Contract, Ademachew was to pay Mulugeta a total purchase price of $1,000,000 (the "Purchase Price") for the Salit Building.[2] *See* Ex. A at ¶ 4.

9. The Contract stipulated that the Purchase Price would be paid in three installments.

---

[1] Plaintiff reserves the right to provide additional and/or updated translations of the Contract as may be necessary in subsequent proceedings in this case.
[2] All monetary amounts listed herein are in United States Dollars.

10. The first installment of $435,000 was to be paid in two sub-installments of $217,500 each with the first due on July 22, 2015 and the second due on September 15, 2015. The entirety of the first installment was to be deposited into Mulugeta's personal bank account in the United States. Ex. A at ¶ 4.1.

11. The second installment of $217,500 was due on October 25, 2015. The second installment was also to be deposited in Mulugeta's personal bank account in the United States. Ex. A at ¶ 4.2

12. The third and final installment of $347,500 was due on November 30, 2015 and was to be paid to Mulugeta in person. Ex. A. at ¶ 4.3.

13. Ademachew has failed to pay the agreed-upon Purchase Price in full. He has made three payments totaling a portion of the Purchase Price, but has failed to pay the balance.

14. On or about July 9, 2015, Ademachew paid $99,955 to Mulugeta via wire transfer.

15. On or about August 5, 2015, Ademachew caused a check in the amount of $235,000.00 to be drawn on his personal bank account at Capital Bank, to be paid to Mulugeta. This personal bank account was held jointly with Ademachew's daughter, Sara Negash, with an address located at 5628 Tower Hill Circle, Alexandria, Virginia 22315.

16. On or about August 10, 2015, and on information and belief, Ademachew took actual and physical possession of the Salit Building.

17. On or about September 8, 2015, Ademachew paid $100,000 to Mulugeta via wire transfer.

18. All amounts paid by Ademachew to Mulugeta were paid to Mulugeta's personal bank account in the United States.

19. In total, Ademachew paid Mulugeta $434,955.00 under the Contract which is approximately the total amount due under the first installment of the Contract.

20. Ademachew, as of the date of this Complaint, has not made any further payments under the Contract and specifically under the second or third installments as required by the Contract, even though Ademachew has taken physical possession of the Salit Building.

21. Mulugeta is owed approximately $565,045. This amount reflects the amount owed under the second and third installments of the Purchase Price both of which are, as of the date of this Complaint, due and owing to Plaintiff.

22. The Contract clearly stipulates that all costs, expenses, and any conditions related to the transfer of the Salit Building were to be the sole responsibility of Ademachew. For example, Ademachew agreed to obtain the necessary tax clearances and to cover all expenses related to the transfer of the Salit Building from the Plaintiff to the Defendant. Ex. A at ¶¶ 3.3 and 5.1.

23. Because Ademachew failed to pay the second and third installments of the Purchase Price under the Contract, Mulugeta has not provided Ademachew with the requisite authority to transfer the title of the Salit Building from the Plaintiff to the Defendant. However, Mulugeta remains ready, willing, and able to provide Ademachew with that authority provided that he pay the entirety of the Purchase Price as stipulated in the Contract whether directly to the Plaintiff or to a trusted third party such as a real estate escrow agent.

## COUNT I
## BREACH OF CONTRACT

24. Plaintiff realleges Paragraphs 1-23 as though fully set forth therein.

25. Plaintiff and Defendant entered into a valid, binding contract, the price and terms and sale of which were complete and certain.

4

26. Plaintiff satisfied all terms and conditions precedent of the Contract by providing Defendant with the property.

27. In the alternative, Plaintiff is willing to satisfy all outstanding terms and conditions precedent of the Contract provided that Defendant pay the entirety of the Purchase Price as stipulated in the Contract whether to Plaintiff or to a trusted third party such as a real estate escrow agent.

28. Defendant breached that Contract by failing to render the sums due and owing under the terms of the Contract at the time that they were due, and Plaintiff suffered damages as a result.

## COUNT II
## UNJUST ENRICHMENT

29. Plaintiff realleges Paragraphs 1-28 as though fully set forth therein.

30. As set forth above, Plaintiff conferred a benefit on Defendant in the form of the Salit Building.

31. The circumstances described in the preceding paragraphs render it inequitable, unfair, and unjust to allow Defendant to retain the benefit of the property.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff Lulit Mulugeta prays that this Court award the following relief against Defendant Samuel Tafesse Ademachew, as follows:

1. Performance of the Contract or such equitable remedy that the Court may deem just and proper including but not limited to, supervising the transfer of the remaining Purchase Price in exchange for the Plaintiff providing the Defendant with the requisite authority to transfer title of the Salit Building;

2. Damages in an amount to be proven at trial but in no event less than $565,045;

3. For prejudgment interest at the legal rate from October 25, 2015; and/or

4. For such other relief as this Court may deem just and proper, including but not limited to attorneys' fees and costs.

### JURY DEMAND

Plaintiff requests a trial by jury on all counts.

Dated: June 8, 2017

By:   /s/ Haig V. Kalbian
Haig V. Kalbian (VBN 32658)
D. Michelle Douglas (VBN 74838)
Evan M. Lisull (VBN 86194)
KALBIAN HAGERTY LLP
888 17th Street NW
Suite 1000
Washington, DC  20006
Tel:     202-223-5600
Fax:    202-223-6625
Email: hkalbian@kalbianhagerty.com
       mdouglas@kalbianhagerty.com
       elisull@kalbianhagerty.com

ATTORNEYS FOR PLAINTIFF
LULIT MULUGETA

## **VERIFICATION**

LULIT MULUGETA, under penalty of perjury hereby declares:

I am plaintiff in this action. I have reviewed the foregoing Complaint and am familiar with the allegations set forth in the Complaint in this action and hereby verify that those allegations are true.

Pursuant to 28 U.S.C. § 1746, I declare under
penalty of perjury that the foregoing is true and correct.

Executed on May 15, 2017

_____
LULIT MULUGETA